IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CV-96-FL

| | | |
|---|---|---|
| GLOBAL NAPS NORTH CAROLINA, INC., | ) | |
| GLOBAL NAPS GEORGIA, INC., | ) | |
| GLOBAL NAPS SOUTH, INC., and | ) | |
| GLOBAL NAPS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| BELLSOUTH TELECOMMUNICATIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiffs' motion for reconsideration (DE # 254) and defendant's motion for leave to register judgment immediately (DE # 256). The issues raised are ripe for ruling. For the reasons that follow, both motions are denied.

### BACKGROUND

On September 28, 2007, the court denied plaintiffs' motion for summary judgment on its declaratory claims, granted defendant's motion for summary judgment as to the breach of contract and declaratory counterclaims, but denied defendant's motion for summary judgment as to its counterclaims for fraud and unfair and deceptive trade practices (herein "liability order"). At that time, the amount of damages and plaintiffs' alternative claim regarding set-off charges were left unresolved. Following this determination, plaintiffs initiated various appeals and the matter did not return to the court until September 2009. In December 2009, the parties filed various motions

relating *inter alia* to remand and damages.

On March 15, 2010, the court denied plaintiffs' motion to remand, granted in part defendant's motion for partial summary judgment on damages, and denied plaintiffs' motion for partial summary judgment as to its set-off claims (herein "damages order"). The court ordered plaintiffs collectively to pay defendant $31,764,194.08 plus interest at the federal legal rate from date of entry of judgment. On March 17, 2010, the clerk entered judgment.

On April 14, 2010, plaintiffs moved for reconsideration of judgment pursuant to Federal Rule of Civil Procedure 59(e). On May 5, 2010, defendant moved for leave to register judgment immediately pursuant to 28 U.S.C. § 1963. It is undisputed that plaintiffs lack sufficient assets in this district to satisfy the instant judgment. (Def.'s Mem. Supp. Mot. for Leave to Register J. Exs. D–F.) Plaintiffs, however, have refused to provide information regarding the location of their assets, citing in part the instant motion for reconsideration before the court. (Id.)

## DISCUSSION

A.  Motion to Alter or Amend Judgment

Pursuant to Federal Rule of Civil Procedure 59(e), a court may amend or alter its judgment. Amendment is proper "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Further, "reconsideration of a judgment after its entry is an extraordinary remedy

2

which should be used sparingly." Id. (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Here, plaintiffs argue the judgment should be amended because (1) the court incorrectly treated the liability order as law of the case; (2) factual issues exist as to whether some of plaintiffs' traffic was voice over internet protocol ("VoIP") and, thus, summary judgment was improper; (3) it was improper to grant defendant summary judgment for transit charges; (4) factual questions exist as to charges for access service requests ("ASRs") and point of presence ("POP") moves; and (5) recent rulings suggest the summary judgment orders should be revisited. Plaintiffs' arguments fail.

1. Treatment of the Liability Order as Law of the Case

Plaintiffs first contend that the damages order must be reconsidered because it relied on the liability order. Plaintiffs argue the liability order is clearly erroneous, and thus, the court must revisit its determinations. Specifically, plaintiffs contend the liability order's interpretation of the ICAs is contrary to the plain meaning of those agreements, which exclude certain types of traffic, such as VoIP from charges. Plaintiffs cite in support provisions of the ICAs which define telecommunications and provide limitations as to which traffic can be charged as switched access traffic. As a result of these provisions, plaintiffs argue charges cannot be levied on VoIP traffic. In the alternative, plaintiffs argue the liability order is erroneous because the terms of the contracts are ambiguous.

Plaintiffs, however, acknowledge that "[i]t appears that the [liability order] failed to deal with the [these] definitions and key clauses because they may not have been raised by either party at that point." (Pls.' Mem. Supp. Mot. For Recons. 6.) In other words, plaintiffs now seek to raise new arguments regarding interpretation of the ICAs. Plaintiffs contend they have not waived these

3

arguments because (1) interpretation of a contract is a question of law and (2) they are raising the issue now.

The instant circumstances do not warrant reconsideration. Rather, plaintiffs' argument illustrates they simply seek to relitigate liability by presenting arguments that they chose not to raise when originally opposing defendant's summary judgment motion on liability. This is precisely the type of situation in which reconsideration is inappropriate. See Pac. Ins. Co., 148 F.3d at 403. That plaintiffs' new argument rests on contract clauses and an alternative argument of contractual ambiguity does not change the result. See Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (finding plaintiff had waived argument based on choice-of-law provision in agreement when plaintiff first raised the argument in a motion for reconsideration). In support of their motion for summary judgment, plaintiffs argued defendant's charges were precluded under federal law; further, plaintiffs argued the contractual provisions were irrelevant on this point because they were preempted. (Pls.' Mem. Supp. Summ. J. 13–19, Dec. 19, 2006.) In opposing defendant's motion for summary judgment on liability, plaintiffs again argued that federal law precluded defendant's charges. (Pls.' Mem. Opp. Summ. J. 7, Jan. 22, 2007.) On neither occasion did plaintiffs raise the instant contractual provisions or argue the terms of the contracts were ambiguous, preventing summary judgment. For strategic reasons or otherwise, plaintiffs chose not to raise these arguments earlier. As a result, these arguments are waived and the court declines to revisit them here.

2. Factual Issues Regarding VoIP Traffic

Plaintiffs next argue that factual issues exist regarding whether certain traffic was VoIP traffic. Plaintiffs are correct that the court did not determine what quantity of the traffic was VoIP or enhanced. Such a determination, however, is unnecessary as the liability order found that transit

charges apply regardless of whether the traffic is categorized as VoIP traffic. (Corrected Order 8, Sept. 28, 2007; Order 12, March 15, 2010.) As such, this is not a ground on which to reconsider the court's earlier orders.

3.  Propriety of Summary Judgment on Transit Charges, ASRs, and POP Moves

Plaintiffs next argue that they should not be liable to defendant for certain transit charges. They also argue that the propriety of defendant's charges for ASRs and POP moves are disputed. With respect to transit charges, plaintiffs rehash points raised in prior briefing, such as that these charges cannot apply to a forwarder of calls and that some calls originated on defendant's network. Regarding charges for ASRs and POP moves, plaintiffs again argue that they are not liable for these costs. In support, plaintiffs rely on evidence previously submitted and supplemental briefing to bolster their argument. The court already found that plaintiffs' showing on these issues was insufficient to avoid summary judgment and the time for supplemental briefing on this issues has passed. Plaintiffs' arguments do not raise issues of newly discovered evidence or implicate manifest injustice but rather only display plaintiffs' dissatisfaction with the court's decisions. Without more, such dissatisfaction does not warrant reconsideration of prior summary judgment orders.

4.  Recent Developments in the Law

With respect to plaintiffs' final argument regarding recent developments in the law, plaintiffs point to decisions by the district courts for the District of Columbia and the Southern District of Ohio which address charges for VoIP traffic. As decisions of these courts are not controlling or binding on this court, the recent decisions of these districts are an inadequate basis on which to revisit the instant judgment. Accordingly, the court need not parse these decisions here.

B.  Motion for Leave to Register Judgment

A judgment may be registered "by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Good cause is shown where there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., et al., 259 F.3d 1186, 1197–98 (9th Cir. 2001) (quotations omitted). There is some disagreement as to whether a motion for leave to register judgment is only timely if an appeal is pending. Compare Spray Drift Task Force v. Burlington Bio-Med. Corp., 429 F. Supp.2d 49, 51 (D.D.C. 2006) (finding there is no requirement that an appeal must be pending in order to move to register judgment), with Educ. Emp. Credit Union v. Mut. Guar. Corp., 154 F.R.D. 233, (E.D. Mo. 1994) (finding a motion to register judgment is premature where an appeal is not yet pending).

Assuming defendant's motion is timely, it has failed to meet the good cause standard at this juncture. Here, plaintiffs admit they have insufficient assets in North Carolina to satisfy the instant judgment. (Def.'s Mem. Supp. Mot. for Leave to Register J. Exs. D–F). Defendant, however, fails to offer evidence regarding the specific district(s) where plaintiffs have assets. Without further information, the court finds good cause lacking at this time and denies defendant's request. Of note, however, defendant's insufficient showing is a result of plaintiffs' refusal to provide such information. (Id.) Should defendant dispute the propriety of plaintiffs' refusal to answer defendant's post-judgment interrogatories, it should file a motion to compel. If defendant later obtains specific information regarding the presence of plaintiffs' assets in another specific district, it may renew its

6

request to register judgment.

## CONCLUSION

For the reasons given, plaintiffs' motion for reconsideration (DE # 254) and defendant's motion for leave to register judgment immediately are DENIED (DE # 256).

SO ORDERED, this the 27th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge